IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GABRIEL JOSE NEVAREZ,

      Plaintiff,

v.                                              No. 1:19-cv-00474-JCH-JHR

ROB ORTNAN,

      Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees of Costs, Doc. 2, filed May 21, 2019 ("Application"), and on Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed May 21, 2019 ("Complaint").

**Application to Proceed** *in forma pauperis*

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed *in forma pauperis* ] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute,"

"an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit stating he is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's monthly income is $789.89; (ii) Plaintiff is unemployed; (iii) Plaintiff's monthly expenses total $839.00; and (iv) Plaintiff has $310.21 in a checking account. The Court finds that Plaintiff is unable to pay the costs of this proceeding because his monthly expenses exceed his monthly income, he is unemployed and he only has a small amount of money in a bank account.

**Dismissal of Proceedings** *In Forma Pauperis*

Plaintiff filed his Complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983." Plaintiff's Complaint, which is difficult to understand, and the police report attached to the Complaint indicate the following factual background. Defendant called the police and reported that Plaintiff was causing a disturbance in Defendant's store. Plaintiff left the store before the police arrived. Defendant showed the police surveillance video which allowed the police to locate and identify Plaintiff. The police arrested Plaintiff on two outstanding felony warrants. Plaintiff indicates he suffered "emotional and public humiliation." Complaint at 3.

Plaintiff's Complaint fails to state a claim pursuant to 42 U.S.C. § 1983 because Defendant is not a state actor and Plaintiff has not alleged the violation of a right secured by the Constitution and laws of the United States. *See McCarty v. Gilchrist*, 646 F.3d 1281, 1285 (10th Cir. 2011)("Section 1983 provides a federal civil remedy for the deprivation of any rights, privileges, or immunities secured by the Constitution by any person acting under color of state law"); *Hogan*

*v. Winder*, 762 F.3d 1096, 1112 (10th Cir. 2014) (quoting *West v. Atkins,* 487 U.S. 42, 48 (1988)) ("Under 42 U.S.C. § 1983, 'a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States'").

Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915. The statute governing proceedings *in forma pauperis* states "the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious; ... fails to state a claim on which relief may be granted; ... or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The Court dismisses Plaintiff's civil rights claim pursuant to 42 U.S.C. § 1983 for failure to state a claim.

The Court, having dismissed the only federal law claim and noting there is no diversity jurisdiction, declines to exercise supplemental jurisdiction over the "emotional and public humiliation" claim. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . .the district court has dismissed all claims over which it has original jurisdiction").

**IT IS ORDERED** that:

(i) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed May 21, 2019, is **GRANTED.**

(ii) This case is **DISMISSED without prejudice.**

_____
**UNITED STATES DISTRICT JUDGE**